IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                   Criminal No. 3:96CR66
                                    Civil Action No. **3:16CV764**
                                    Civil Action No. **3:16CV765**

CRAIG MURPHY

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on January 3, 2005, the Court denied a motion under 28 U.S.C. § 2255 filed by Craig Murphy. (ECF Nos. 110-111.) On December 9, 2014, the Court received from Murphy a "Motion Pursuant to Fed. R. Crim. P. 12(b)(2) Sufficiency of an Information 'Jurisdictional' Defect." ("December 9, 2014 Motion," ECF No. 1894 (capitalization corrected).) On October 19, 2015 the Court received from Murphy a motion seeking relief under Federal Rule of Civil Procedure 60(d)(1) ("Rule 60(d) Motion," ECF No. 1895). As explained below, both the December 9, 2014 Motion and the Rule 60(d) Motion must be treated as a successive, unauthorized 28 U.S.C. § 2255 Motions.

First, to the extent that Murphy attempts to attack the Court's "judgment" by way of Federal Rule of Civil Procedure 60(d)(1) he may not do so. United States v. Merica, Nos. 5:05CR00015, No. 5:11CV80375, 2011 WL 6325881, at *2 (W.D. Va. Dec. 16, 2011) (citing United States v. Mosavi, 138 F.3d 1365,

1366 (11th Cir. 1998)). A motion under Rule 60(d) is an inappropriate method of attacking a criminal conviction. Moreover to the extent that Murphy intends to use Rule 60(d) to directly attach his convictions, as discussed below, the Court lacks jurisdiction to consider the motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Petitioner cannot avoid that result by simply omitting reference to 28 U.S.C. § 2255 in his submission. See Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (emphasizing that inmates may not circumvent the limitations on successive § 2255 motions simply by inventive labeling). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias,

2

habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." Melton, 359 F.3d at 857 (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." Id. (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)).

The United States Court of Appeals for the Fourth Circuit has held "that district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" Winestock, 340 F.3d at 200 (quoting Calderon v. Thompson, 523 U.S. 538, 553 (1998)). The same rationale applies to Murphy's Rule 60(d) Motion. See Merica, 2011 WL 6325881, at *2. The Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion or an improper successive § 2255 motion or habeas petition:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to

>reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

Id. at 207 (internal citation omitted). Here, Murphy's Rule 60(d) Motion raises challenges to his convictions, rather than any defects in his federal collateral proceedings.[1] Accordingly, the Court must treat the Rule 60(d) Motion as a successive § 2255 motion. The Court has not received authorization from the Fourth Circuit to file the present § 2255 motion. Therefore, the Rule 60(d) Motion (ECF No. 1895) will be dismissed for want of jurisdiction.

With regard to the December 9, 2014 Motion, Murphy requests the Court "to review De Novo a challenge to the sufficiency of the information" and claims that the Court was "without proper jurisdiction to entertain the charges of First degree murder." (Dec. 9, 2014 Mot. 1.) Once again, Murphy attempts to challenge his underlying conviction. Murphy's December 9, 2014 Motion falls squarely within the ambit of § 2255. The Court has not received authorization from the Fourth Circuit to file this additional § 2255 motion. Accordingly, the December 9, 2014

---

[1] Murphy's main argument insists that counsel was ineffective because he failed to discuss a plea offer with him, a claim that falls squarely within § 2255.

4

Motion (ECF No. 1894) will be dismissed for want of jurisdiction.

The Court will deny a certificate of appealability for both motions.

The Clerk is directed to send a copy of this Memorandum Opinion to Murphy and counsel for the United States.

Date: September 14, 2016
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge

5